**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPENCER E. BERRY,<br><br>        Petitioner,<br><br>    v.<br><br><br><br>McDONALD,<br><br>        Respondent. | Case No. 1:12-cv-00901-BAM-HC<br><br>ORDER DISREGARDING PETITIONER'S PURPORTED WITHDRAWAL OF CONSENT (DOC. 30)<br><br>ORDER DEEMING PETITIONER'S OBJECTION TO BE A REQUEST TO RECONSIDER THE ORDER TO SUPPLEMENT THE ANSWER (DOC. 29)<br><br>ORDER DENYING PETITIONER'S REQUEST FOR RECONSIDERATION (DOC. 29)<br><br>ORDER GRANTING PETITIONER'S REQUEST FOR AN EXTENSION OF TIME TO FILE A TRAVERSE TO THE SUPPLEMENT TO THE AMENDED ANSWER (DOC. 35) |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on May 31, 2012, and on behalf of Respondent on September 26, 2012.

1

Pending before the Court are Petitioner's purported withdrawal of consent to Magistrate Judge jurisdiction filed on November 7, 2014 (doc. 30), and Petitioner's request for a sixty-day extension of time to file objections, which was filed on December 8, 2014.

I.  Background

The petition was filed on May 18, 2012, and transferred to this division of this Court on June 1, 2012.  On June 5, 2012, the Court dismissed without leave to amend Petitioner's state claims. Respondent filed an answer and amended answer on October 4, 2012, and Petitioner filed a traverse on October 26, 2012.  On August 15, 2014, Petitioner filed a motion for a ruling in which he argued that his sentence would soon expire.  In reviewing the merits of the case, the Court determined that Respondent had failed to address Petitioner's ineffective assistance of counsel (IAC) claims.  On October 27, 2014, the Court exercised its discretion to obtain further briefing from the parties and directed Respondent to file in thirty days a supplemental answer addressing the IAC claims.  On November 7, 2014, Petitioner filed objections in which he asserted that any issue not addressed in the initial answer should be admitted; in effect, Petitioner asserted that he is entitled to a default judgment in his favor on the IAC claims.  (Doc. 29.)  On November 24, 2014, Respondent filed a ten-page supplemental answer addressing the IAC claims.

II.  Purported Withdrawal of Consent

On November 7, along with his objections to the Court's supplemental briefing order, Petitioner filed a document entitled as a withdrawal of consent in which he stated that he thereby rescinded consent to the jurisdiction of the Magistrate Judge.  Petitioner had

2

filed consent to Magistrate Judge jurisdiction once on May 31, 2012, before the case was transferred (doc. 4), and again after the transfer on June 11, 2012 (doc. 11).  Petitioner indicated on the consent forms that he voluntarily consented to the jurisdiction of the Magistrate Judge to conduct all further proceedings in the case.

Although a party to a civil case in a federal district court generally has a constitutional right to proceed before an Article III judge, the right may be waived, and thus a party may consent to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in a case.  Dixon v. Ylst, 990 F.2d 478, 479-80 (9th Cir. 1993); Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc., 725 F.2d 537, 541 (9th Cir. 1984) (en banc), cert. den. 469 U.S. 824 (1984).  Once a civil case is referred to a Magistrate Judge under section 636(c) pursuant to the consent of the party, the reference can be vacated by the Court only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party...."  28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3); Dixon v. Ylst, 990 F.2d at 480.  There is no absolute right to withdraw consent to proceedings before a Magistrate Judge. Id.  It is correct not to vacate a reference where a party has consented in a signed writing to Magistrate Judge jurisdiction, the party fails to make a motion to vacate the reference that is supported by a showing of extraordinary circumstances, and the Court does not sua sponte find good cause for withdrawal of consent.  Id.

At the time the present case was transferred to this district, Petitioner, who was the only party who had appeared in the action, had consented to the jurisdiction of the Magistrate Judge to proceed with the case to final judgment.  Petitioner again consented to

3

1   Magistrate Judge jurisdiction after transfer.  Thus, the case
2   proceeded before the undersigned Magistrate Judge pursuant to Local
3   Rule 301, which provides that upon the consent of all appearing
4   parties, Magistrate Judges are specially designated to conduct any
5   and all proceedings in any civil action, including the conduct of
6   trials and the entry of final judgment, in accordance with Fed. R.
7   Civ. P. 73 and 28 U.S.C. § 636(a)(5) and (c).  Further, Appendix A
8   to the Local Rules of the United States District Court, Eastern
9   District of California expressly provides that in a habeas corpus
10  action, after notice regarding consent to assignment has gone out,
11  if not all named parties have appeared but all who have appeared
12  have consented, the Magistrate Judge shall act in the action
13  pursuant to 28 U.S.C. § 636(c) until the action is reassigned to a
14  District Judge.  App. A (k)(3), (4).

15      Here, the Court finds that Petitioner consented to the
16  jurisdiction of the United States Magistrate Judge to conduct all
17  further proceedings in the case, including the entry of final
18  judgment, by manifesting his voluntary consent in signed writings
19  filed on May 31, 2012, and June 11, 2012.  Petitioner has sought to
20  withdraw his consent without any motion or showing of any
21  extraordinary circumstances or other legally sufficient basis for
22  withdrawal of consent.  No good cause for withdrawal of consent
23  appears.  Under the circumstances, the Court concludes that
24  Petitioner's purported withdrawal of consent was ineffective, and it
25  must be disregarded.

26      III.  Petitioner's Objection and Request for Extension of Time
27      On December 8, 2014, Petitioner filed a request for a sixty-day
28  extension of time pending a ruling on his objection to the Court's

4

order directing a supplemental answer.  Petitioner relies on the fact that in his traverse, he stated that Respondent had failed to address his IAC claims in the answer; further, under California and federal procedural rules, matters not denied may be, and here should be, deemed admitted.

The Court's order for further briefing was an administrative order.  The Court exercised its discretion to obtain further briefing quickly on the IAC claims with the goal of reaching a decision on the merits of all of Petitioner's claims in the least amount of time.

It is possible that Petitioner's objection to the order is intended to be a motion for reconsideration.  To the extent that Petitioner seeks reconsideration of the order, the motion for reconsideration will be denied.  Input from the parties will ensure that the Court is presented with an adequate analysis of the state court record and the multiple legal issues; input should likewise reduce the time needed for the Court to come to a decision. Petitioner has set forth no circumstances, new or otherwise, that would warrant a different order.

To the extent that Petitioner maintains that he is entitled to judgment by default, Petitioner is mistaken.  It is the Petitioner's burden to show that he or she is in custody in violation of the laws of the United States.  Miller-El v. Cockrell, 537 U.S. 322, 358 n.3 (2003).  Even if Respondent has failed to file a timely response to some claims, a failure by state officials to comply timely with the deadlines set by the Court does not relieve Petitioner of the burden of proof or entitle him to entry of a default or a default judgment. Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990).  The Court

understands Petitioner's objections but must continue to decide cases while experiencing high caseloads and suffering from limited resources.

In its order directing supplemental briefing, the Court directed Petitioner to file a traverse to the supplemental answer no later than thirty (30) days after service.  (Doc. 28.)  Petitioner has now requested an extension of sixty days, which the Court understands to be a request for an extension within which to file a traverse to the supplemental answer.  The Court will grant the extension.

IV.   Disposition

Accordingly, it is ORDERED that:

1) Petitioner's purported withdrawal of consent to Magistrate Judge jurisdiction is DISREGARDED; and

2) Petitioner's request for reconsideration of the order to supplement the answer is DENIED; and

3) Petitioner's request for an extension of time to file a traverse to the supplement to the amended answer is GRANTED; Petitioner shall FILE his traverse no later than sixty (60) days after the date of service of this order.

IT IS SO ORDERED.

Dated:   __**December 10, 2014**__          ___/s/ *Barbara A. McAuliffe*___
                                              UNITED STATES MAGISTRATE JUDGE